UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONATO RAMON ALVARADO,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>LOWELL CLARK, et al.,<br><br>　　　　　　Respondents. | Case No. C14-1322-JCC-BAT<br><br>**REPORT AND RECOMMENDATON** |

**INTRODUCTION AND RELEVANT BACKGROUND**

Donato Ramon Alvarado, a native and citizen of Mexico, has been detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma, Washington, since March 13, 2014, under a reinstated order of removal. Dkts. 12-1 & 12-2. An asylum officer found Mr. Alvarado had a reasonable fear of return to Mexico and placed him in withholding-only proceedings, which have not yet concluded. Dkt. 12-1. During his detention, Mr. Alvarado has not received an individualized bond hearing before an Immigration Judge ("IJ").

Proceeding *pro se*, Mr. Alvarado filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, seeking such a bond hearing. Dkt. 1. Respondents have moved to dismiss, arguing Mr. Alvarado's detention is statutorily authorized and he is not entitled to a bond hearing. Dkt. 12.

REPORT AND RECOMMENDATON- 1

Mr. Alvarado did not file a response.  For the reasons discussed below, the Court recommends that respondents' motion to dismiss be denied, Mr. Alvarado's habeas petition be granted, and the Executive Office for Immigration Review be ordered to provide Mr. Alvarado with a bond hearing within 14 days of the order on this Report and Recommendation.

## DISCUSSION

To resolve this matter, the Court must determine (1) whether the statutory authority for Mr. Alvarado's detention is found in 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231(a), and (2) whether he is entitled to a bond hearing under the proper authorizing statute.  The Court is guided by Judge Coughenour's recent decision a factually analogous case, *Mendoza v. Asher*, No. C14-811-JCC, Dkt. 14 (W.D. Wash. Sept. 16, 2014) (adopting with modification the Report and Recommendation of the Honorable James P. Donohue).

**A.     Statutory basis for Mr. Alvarado's detention**

"Where an alien falls within th[e] statutory scheme [governing immigration detention] can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008).  Section 1226(a) provides for discretionary detention "pending a decision on whether the alien is to be removed from the United States," and authorizes ICE to release aliens on bond.  8 U.S.C. § 1226(a).  Section 1231 governs "detention, release, and removal of aliens ordered removed."  8 U.S.C. § 1231(a).  Pursuant to § 1231(a), the Attorney General is required to detain an alien during the "removal period."  8 U.S.C. § 1231(a)(2).  The removal period is the 90-day period that begins on the latest of the following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's

final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.  8 U.S.C. § 1231(a)(1)(B).  Following the expiration of the removal period, the Attorney General has the discretionary authority to detain certain aliens or to release them under an order of supervision.  8 U.S.C. § 1231(a)(6).

The statutory basis for an alien's detention shifts from § 1226(a) to § 1231(a) once the removal period has been triggered.  In this case, the determination of whether that shift has occurred turns on whether Mr. Alvarado's reinstated order of removal is administratively final.[1]  There is a split in the Western District of Washington regarding whether a reinstated order of removal is administratively final at the time it is reinstated or after the conclusion of withholding-only proceedings.  *Compare Giron-Castro v. Asher*, No. C14-867-JLR, Dkt. 22 (W.D. Wash. Oct. 2, 2014) (reinstated removal order is administratively final when it is reinstated, despite pending withholding-only proceedings), *with Mendoza*, No. C14-811-JCC, Dkt. 14 (reinstated removal order not administratively final while withholding-only proceedings are pending).[2]  Respondents argue Mr. Alvarado's reinstated removal order was administratively final as soon as it was reinstated.  The Honorable John C. Coughenour, however, has already decided that a reinstated removal order is not administratively final while withholding-only proceedings are ongoing.  *See Mendoza*, No. C14-811-JCC, Dkt. 14.  Accordingly, Mr. Alvarado's detention is authorized by § 1226(a).  *See id.*

**B.     Bond hearing**

In *Casas-Castrillon v. Department of Homeland Security*, 535 F.3d 942, 951 (9th Cir. 2008), the Ninth Circuit held that aliens detained under § 1226(a) for a prolonged period of time

---

[1] Neither of the other triggers for the removal period apply here.  *See* 8 U.S.C. § 1231(a)(1)(B).

[2] The same issue is currently before the Honorable Robert S. Lasnik.  *See Cerna-Anaya v. Asher*, No. C14-807-RSL (W.D. Wash.).

REPORT AND RECOMMENDATON- 3

1  are entitled to receive a bond hearing and to obtain release on bond unless the government proves
2  they are a flight risk or a danger to the community.  "As a general matter, detention is prolonged
3  when it has lasted six months and is expected to continue more than minimally beyond six
4  months." *Diouf v. Napolitano*, 634 F.3d 1081, 1092 n.13 (9th Cir. 2011).  Because Mr. Alvarado
5  has been detained for more than six months and it appears his removal is not imminent given his
6  pending withholding-only proceedings, he is entitled to a *Casas* bond hearing.

## CONCLUSION AND RIGHT TO OBJECT

For the foregoing reasons, the Court recommends that respondents' motion to dismiss, Dkt. 12, be **DENIED**, and Mr. Alvarado's habeas petition requesting a bond hearing, Dkt. 1, be **GRANTED**.  The Court further recommends that the Executive Office for Immigration Review be **ORDERED** to provide Mr. Alvarado with a *Casas* bond hearing within 14 days of the order on this Report and Recommendation.

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.  Objections, however, may be filed and served upon all parties no later than **November 28, 2014.**  The Clerk should note the matter for **November 28, 2014**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on

\\

\\

REPORT AND RECOMMENDATON- 4

the date the response is due.  Objections and responses shall not exceed ten pages.  The failure to timely object may affect the right to appeal.

DATED this 13th day of November, 2014.

　　　　　　　　　　　　　　　　　　　　　　/s/ BAT　　　　　　　　　　　　
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATON- 5